# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| MG PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br><br>Plaintiff,<br><br>vs.<br><br>VASILY KHARCHENKO, an individual and DOES 1-20, d/b/a DAFTSEX.COM, ARTSPORN.COM,<br><br>Defendants. | Case No.: 3:21-cv-05733-BHS<br><br>**PLAINTIFF MG PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE AND ENTER FINDING OF CONTEMPT AND IMPOSE SANCTIONS PURSUANT TO FED.R.CIV.P. 70(e) OR IN THE ALTERNATIVE ISSUE AN ORDER TO SHOW CAUSE**<br><br>NOTE ON MOTION CALENDAR:<br>December 20, 2022 |

Plaintiff MG Premium Ltd. hereby files this motion pursuant to Fed.R.Civ.P. 70(e) and requests the Court to re-open the case for purposes of finding Defendant Vasily Kharchenko in Contempt of this Court's Order of Final Judgment and Permanent Injunction dated November 7, 2022 and impose sanctions or, in the alternative, issue an Order to Show Cause as to why the Court should not hold a contempt hearing.

PLAINTIFF MG PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE  [3:21-cv-05733-BHS]  - 1

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

## I.  INTRODUCTION

Defendant Vasily Kharchenko owns and/or operates a network of piracy websites known as the Daft Sex Network (previously including Daftsex.com, Artsporn.com, Daxab.com, and Biqle.com). As a result of extensive piracy of MG Premium's copyrighted works on the Daft Sex Network, this Court entered an Order of Final Judgment and Permanent Injunction, asserting a statutory fine against Defendant Vasily Kharchenko, ordering the domains to be transferred to MG Premium, and ordering Kharchenko to refrain from infringing any copyrighted work of MG Premium.

Within days of the Order, Defendant Kharchenko took steps to thwart the Order. A fake letter was sent to the domain registry in an attempt to re-direct the transfer of ownership of the domains away from MG Premium. Shortly after that, the Daft Sex Network was presented on new websites, including Daft.sex, Dsex.to, and Biqle.org. Extremely problematic is that all of MG Premium's copyrighted works infringed on the original Daft Sex Network, and the subject of the underlying litigation and reason for the Permanent Injunction, are continued to be displayed on new domains comprising the current Daft Sex Network.

MG Premium is left with no choice but to move for a finding of contempt of court.

## II.  FACTS

Plaintiff MG Premium Ltd. initiated this action on October 4, 2021, seeking damages and injunctive relief for claims of copyright infringement. *See* Dkt. No. 1. Therein, MG Premium Ltd. alleged Defendants operated websites Daftsex.com, Artsporn.com, Daxab.com and Biqle.com (the Daft Sex Network). Further, MG Premium alleged that Defendants infringed 2,143 of MG Premium's copyrighted works by unlawfully displaying the works on the Daft Sex Network.

Early discovery led to the determination that the owner/operator of the Daft Sex Network is Vasily Kharchenko, who was added as a named Defendant. *See* Dkt. No. 9. Following proper service of the First Amended Complaint, Defendant Kharchenko failed to answer the complaint

MOTION TO RE-OPEN CASE, ENTER CONTEMPT
AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO
SHOW CAUSE  [3:21-cv-05733-BHS]  - 2

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  and otherwise defend this action.  As a result, Default was entered against Defendant Vasily
2  Kharchenko on August 1, 2022.  *See* Dkt. No. 19.

3  On November 7, 2022, the Court entered an Order of Final Judgment and Permanent
4  Injunction.  Dkt. No. 28.  Therein, the Court specifically enjoined Defendant Vasily Kharchenko
5  from further use of any of MG Premium's copyrighted works.  The Court further Ordered the
6  operator of the .COM registry, Verisign, Inc., to change the registrar of record to EuroDNS and
7  then EuroDNS to change the registrant of the domain names Daftsex.com, Artsporn.com,
8  Daxab.com, and Biqle.com to MG Premium.  Id.

9  Unfortunately, the Court Orders have not slowed down or altered Defendant
10  Kharchenko's infringement practices.  While Defendant Kharchenko never appeared in this action
11  it is believed he is watching it closely.  On November 10, 2022, just days after this Court entered
12  the Order of Final Judgment and Permanent Injunction, a fraudulent letter was sent to Verisign,
13  Inc. purportedly from MG Premium requesting Verisign, Inc. to unlock the domains and send
14  authorization codes to mgpremiumltd@gmail.com.  *Declaration of Steve Salway ("Decl. S.*
15  *Salway"),* p 2, ¶¶ 5-6, Ex. A.

16  This is a fake letter, not sent by MG Premium.  *Decl. S. Salway,* p 2, ¶¶ 7-8.  It is suspected
17  Defendant Kharchenko may have sent this fake letter in an attempt to thwart the Court's Order
18  and the loss of the domains.  In fact, Verisign, Inc. and MG Premium had already been in contact
19  and Verisign provided MG Premium with a copy of this letter to verify it was fraudulent.
20  Verisign, Inc. complied with the Court's Order and the domains Daftsex.com, Artsporn.com,
21  Daxab.com, and Biqle.com have been ultimately transferred to MG Premium.  *Decl. S. Salway,*
22  p 1-2, ¶¶ 4 and 9.

23  The transfer of the domains to MG Premium started the next step of Defendant
24  Kharchenko's attempts to circumvent the Court's Order.  On November 11, 2022, via Twitter
25  account @DaftPost it was announced that Daftsex was moving to daft.sex, biqle.org and biqle.ru.
26  *Declaration of Jason Tucker ("Decl. J. Tucker"),* p 4, ¶ 17, Ex. A.  On November 22, 2022, it

PLAINTIFF MG PREMIUM LTD'S *EX PARTE*  
MOTION TO RE-OPEN CASE, ENTER CONTEMPT  
AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO  
SHOW CAUSE  [3:21-cv-05733-BHS]  - 3

FREEMAN LAW FIRM, INC.  
1107 ½ Tacoma Avenue South  
Tacoma, WA 98042  
(253) 383-4500 - (253) 383-4501 (fax)

was announced via Twitter account @DaftPost that Daftsex was operational on dsex.to and daft.sex. *Decl. J. Tucker,* p 4, ¶ 18, Ex. B.

Daft.sex is now operational. It includes the exact same contact information as did Daftsex.com, [copyroster@gmail.com,](mailto:copyroster@gmail.com) and the exact same DMCA agent, Jack Brandy, BQL. *Decl. S. Salway,* p 2, ¶ 11; *Declaration of Jason Tucker ("Decl. J. Tucker"),* p 4, ¶¶ 19-22, Exs. C and D. The web pages broadcast on Daft.sex are the same web pages as were broadcasted on the Daft Sex Network. Daft.sex is a mirror site to Daftsex.com and Artsporn.com. Quite importantly, all 2,143 of MG Premium's copyrighted works which were displayed on the Daft Sex Network and subject to the instant copyright infringement lawsuit are displayed on Daft.sex. *Decl. S. Salway,* p 2, ¶ 12; *Decl. J. Tucker,* p 4, ¶ 25.

ICM Registry is the domain registry for ".sex" domains. ICM Registry is a wholly owned subsidiary of Registry Services, LLC.[1] Registry Services, LLC is registered to do business in Washington State (UBI No. 604 243 537) with it principal office located in Tempe, Arizona. *Decl. J. Tucker,* p 5, ¶ 28.

Dsex.to is also now operational. It is a mirror site to Daft.sex, including listing the same contact information and DMCA Agent as both Daft.sex and Daftsex.com. *Decl. S. Salway,* p 2, ¶¶ 13-14; *Decl. J. Tucker,* p 4-5, ¶¶ 19-24, Exs. C, D, E and F. Dsex.to also displays all 2,143 of MG Premuim's copyrighted works which were displayed on the Daft Sex Network and subject to the instant copyright infringement lawsuit. *Decl. J. Tucker,* p 5, ¶ 26.

Tonic Domains Corp. is the registrar for ".to" domains. Tonic Domains is a California-based company with its principal address in Tiburon, California. *Decl. J. Tucker,* p 5, ¶ 29.

Biqle.org is operational. It is also a mirror site of Daft.sex and Dsex.to, displaying all 2,143 of MG Premuim's copyrighted works which were displayed on Daftsex.com and

---

[1] Source: https://icmregistry.biz/about/policies/privacy-policy/ Last Visited: December 14, 2022.

PLAINTIFF MG PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE  [3:21-cv-05733-BHS]  - 4

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

Artsporn.com and subject to the instant copyright infringement lawsuit. *Decl. S. Salway,* p 3, ¶¶ 15-16; *Decl. J. Tucker,* p 5, ¶ 27.

Public Interest Registry is the registrar for all ".org" domains. It is located in Reston, Virginia. *Decl. J. Tucker,* p 5, ¶ 30.

MG Premium copyrighted work "An Appetizing Affair" is an example of one of the 2,143 copyright infringements moved from the original Daft Sex Network to new domains. *Decl. J. Tucker,* p 5, ¶ 31, Ex. G. This work was infringed on Daxtsex.com (part of the original Daft Sex Network) with the exact same naming convention or file path as the other sites in the Network, 185685320_456240127. Now, after the Court's Order of Final Judgment and Permanent Injunction, the same work is displayed on Daft.sex, Dsex.to, and Biqle.org, with the exact same naming convention or file path between the three sites, 160586466_456241718. *Decl. J. Tucker,* p 5-6, ¶¶ 32-34, Exs. H, I, and J.

Defendant Kharchenko took little time to move his entire piracy network to a different set of domains to operate exactly as he did before. There is no valid argument disputing that Defendant Kharchenko has continued to infringe MG Premium's copyrighted works against the Order of this Court.

### III.    RELIEF REQUESTED

1. It is respectfully requested that the Court find Defendant Vasily Kharchenko in contempt of the Court's Order of Final Judgment and Permanent Injunction.
2. It is respectfully requested that the Court Order the domain registries to change the registrar of Daft.sex, Dsex.to, and Biqle.org to EuroDNS and then EuroDNS to change the registrant of the domains to MG Premium.
3. It is respectfully requested that the Court Order Twitter, Inc. to permanently disable the account @Daftpost or transfer ownership of the account to MG Premium.
4. In the alternative of finding Defendant Vasily Kharchenko in contempt based upon the submission of declarations, it is respectfully requested that the Court issue and

PLAINTIFF MG PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE  [3:21-cv-05733-BHS]  - 5

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

Order to Show Cause requiring Vasily Kharchenko to submit reasons why he should not be held in contempt and set a contempt hearing.

### IV.    LAW AND ARGUMENT

**A. Standard of Civil Contempt.**

A court may hold a party in contempt for failure to comply with a judgment requiring the party to perform a specific act. Fed. R. Civ. P. 70(e). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002) (quoting *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)). While "there is no good faith exception to the requirement of obedience of a court order[,] . . . a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (alteration, citations, and internal quotation marks omitted).

A party may be held in civil contempt for failure to take all reasonable steps within the party's power to comply with a specific and definite court order. *See Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983). A person fails to act as ordered by a court when "he fails to take 'all the reasonable steps within [his] power to insure compliance with the [court's] order.'" *Id.* at 1146-47, *quoting Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976), *cert. denied*, 430 U.S. 931, 51 L. Ed. 2d 774, 97 S. Ct. 1550 (1977).

The "rules" for civil contempt are as follows: (1) did the party against whom contempt sanctions are sought violate a court order (2) beyond substantial compliance (3) not based on a good faith and reasonable interpretation of the order (4) by clear and convincing

PLAINTIFF MG PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE  [3:21-cv-05733-BHS]  - 6

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

evidence. *See id.* The proof for civil contempt must be clear and convincing--a higher standard than the preponderance of the evidence standard but less stringent than beyond a reasonable doubt. *United States v. Powers*, 629 F.2d 619, 626 n. 6 (9th Cir.1980) (dictum).

"Civil contempt is characterized by the court's desire to compel obedience to a court order, or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) (emphasis in original); *see also Shell Offshore, Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (stating that, "[i]n distinguishing between criminal and civil contempt, we must look to the sanction's 'character and purpose'"; "'[t]he purpose of civil contempt is coercive or compensatory, whereas the purpose of criminal contempt is punitive'").

Civil contempt is appropriate when a party fails to comply with a specific and definite court order. *Gifford v.* Heckler, 741 F.2d 263, 265 (9th Cir. 1984). Failure to comply consists of not taking "all the reasonable steps within [one's] power to insure compliance with the order []." *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir.1976), *cert. denied*, 430 U.S. 931, 97 S. Ct. 1550, 51 L. Ed. 2d 774 (1977).

The party alleging civil contempt must demonstrate by clear and convincing evidence that (1) the contemnor violated a court order, (2) the noncompliance was more than technical or de minimis, and (3) the contemnor's conduct was not the product of a good faith or reasonable interpretation of the violated order. *See United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010); *Inst. of Cetacean Research v. Sea Shepherd Conservation Society*, 774 F.3d 935, 945 (9th Cir. 2014).

A court has wide latitude in determining whether there has been contemptuous defiance of its order. *A&M Records,* Inc*. v. Lamonte*, 366 F. App'x 736, 738 (9th Cir. 2010); *Hook v. Arizona Dep't of Corrections,* 107 F.3d 1397, 1403 (9th Cir. 1997); *Neebars, Inc. v. Long Bar Grinding, Inc.*, 438 F.2d 47, 48 (9th Cir. 1971).

PLAINTIFF MG PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE  [3:21-cv-05733-BHS]  - 7

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  There is little doubt here that Defendant Kharchenko has violated this Court's Order. In fact, the evidence is crystal clear and without possible argument that the Daftsex website (and therefore its mirror sites Artsporn and Biqle) was moved to three new domains running simultaneously: Daft.sex, Dsex.to, and Biqle.org. It is also clear that these sites continue to display the same 2,143 MG Premium copyrighted works as was complained of in the litigation which led to the Permanent Injunction.

Defendant Kharchenko did not take reasonable steps to comply with the Court's Order, such as remove MG Premium's works from display on the new sites. Defendant Kharchenko also affirmatively advertised the new sites to the public. All this was *after* a fake letter was sent to Verisign in an attempt to circumvent the transfer of the Daftsex, Artsporn, and Biqle domains to MG Premium.

There is no way Defendant Kharchenko's actions are based upon a reasonable interpretation of the Court's Order. It is quite clear that his actions were to thwart the effect of this Court's ruling. By clear and convincing evidence, he is thumbing his nose at this Court and the Court's Order.

The rules for finding civil contempt are fulfilled here. The only remaining issue is what to do about the disobedience.

**B. Procedures of Civil Contempt.**

Generally, "[c]ontempt proceedings are instituted by the issuance of an Order to Show Cause . . . why a contempt citation should not issue and a notice of a date for the hearing." *Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008). The Ninth Circuit has held that "a civil contempt proceeding is 'a trial within the meaning of Fed. R. Civ. P. 43(a) rather than a hearing on a motion within the meaning of Fed. R. Civ. P. 43(e)[;] . . . the issues may not be tried on the basis of affidavits.'" *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983) (quoting *Hoffman v. Beer Drivers & Salesman's Local Union No. 888*, 536 F.2d 1268, 1277 (9th Cir. 1976)); *see also Peterson v. Highland Music, Inc.*, 140

PLAINTIFF MG PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE  [3:21-cv-05733-BHS]  - 8

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

F.3d 1313, 1324 (9th Cir. 1998) ("[A] district court ordinarily should not impose contempt sanctions solely on the basis of affidavits." (citing *Hoffman*, 536 F.2d at 1276-77)). Absent a compelling reason to hold Defendant in contempt solely on the basis of motion and declarations, such declarations absent a hearing do not suffice. *See Salamon v. Creditors Specialty Serv., Inc.*, No. C 11-172 CW, 2012 U.S. Dist. LEXIS 146808, 2012 WL 4857810, at *3 (N.D. Cal. Oct. 11, 2012) (denying motion for contempt in part because the movant had not requested an Order to Show Cause).

However, a trial court may in a contempt proceeding narrow the issues by requiring that affidavits on file be controverted by counter-affidavits and may thereafter treat as true the facts set forth in uncontroverted affidavits. *Hoffman ex rel NLRB v. Beer Drivers & Salesmen's Local Union , etc.*, 536 F.2d 1268, 1277 (9th Cir. 1976).

**1. Compelling Reasons to Rely on Declarations to Satisfy Contempt Finding.**

In addition to the clear authority of the Court to narrow issues on a contempt motion through declarations or affidavits, and treat uncontroverted facts as true, the Courts have suggested that a compelling reason could exist to determine contempt without a hearing. This case presents such compelling reasons. First and foremost, Defendant Kharchenko has failed to appear in this action. He was properly served with the summons and complaint and chose to completely ignore the matter. Thus, he willingly permitted Plaintiff's allegations in the matter be uncontroverted and accepted as true.

Second, as a result of failure to appear in the action, Defendant Kharchenko escaped the process of discovery. Thus, he did not submit to questioning in deposition, did not answer interrogatories, and did not have to respond to requests for production. As he has avoided production of any information which could be challenged in discovery, he should not now be afforded the opportunity to present unchallenged information to the Court.

Third, the nature of Defendant Kharchenko's contempt is such that there can be no question that he has violated the terms of the Order. The entire and exact web sites that were

PLAINTIFF MG PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE [3:21-cv-05733-BHS] - 9

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

displayed on Daftsex.com and Artsporn.com, subject to the underlying lawsuit and the basis for the Court's Order and Injunction, are now displayed at Daft.sex and Dsex.to *including all 2,143 of MG Premium's copyrighted works of which Defendant was expressly prohibited from displaying by the Order.*

Given the clear nature of the contempt and continuing infringement and considering Defendant Kharchenko has previously failed to appear or engage in this lawsuit, it is requested the Court dispense with a live hearing and determine contempt based upon the submirred declarations.

**2. Alternatively, Plaintiff Requests a Show Cause Order and Hearing.**

Should the Court determine that a live hearing consistent with Fed.R.Civ.P. 43(a) is required to determine Defendant Kharchenko's contempt, MG Premium requests to Court to issue an Order to Show Cause, demanding that Defendant Kharchenko show cause as to why he should not be held in contempt and set a hearing for testimony. It is further requested that pursuant to Fed.R.Civ.P. 43(a), the Court permit MG Premium to present witness testimony via Zoom video conferencing as MG Premium's potential witnesses are located in Montreal, England, and Mexico.

**C. Sanctions upon Contempt Finding.**

Civil contempt sanctions serve may serve two purposes: "to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (citing *United States v. United Mine Workers*, 330.U.S. 258, 303-04, 67 S. Ct. 677, 91 L. Ed. 884 (1947)).

Here, there is little purpose to imposing monetary sanctions. The imposition of a judgment of $32,145,000 (Dkt. No. 28) failed to stop Defendant from continuing to infringe MG Premium's works. Further monetary judgment will have little to no effect and will be difficult to collect. Rather, the Court must force obedience to its Order of Final Judgment and Permanent Injunction.

PLAINTIFF MG PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE  [3:21-cv-05733-BHS]  - 10

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1   The way to do that is to take away the tools Defendant Kharchenko uses to continue infringement
2   of MG Premium's 2,143 copyrighted works.  Therefore, it is requested that the Court order (1)
3   ICM Registry to disable and transfer Daft.sex to MG Premium; (2) Tonic Domains Corp. to
4   disable and transfer Dsex.to to MG Premium; and (3) Public Interest Registry to disable and
5   transfer Biqle.org to MG Premium.

6       Each registry should be ordered to change the registrar to EuroDNS and then EuroDNS
7   should be ordered to change the registrant of the domains Daft.sex, Dsex.to, and Biqle.org to MG
8   Premium.  While this may drive Defendant Kharchenko to move his web site to yet different
9   domains, it will send a message that any time the web sites are moved to domains with United
10  States based registries and continue to infringe MG Premium's copyrighted works the domains
11  will be transferred to MG Premium.  It is important to note that there is a reason Defendant
12  chooses United States based registries; they are the most commonly recognized domains by
13  United States end users and have the best chance to take advantage of United States Internet
14  traffic.  (United States users are generally not going to trust or go to a website with a ".ru"
15  domain.)

16      Further, MG Premium requests that the Court order Twitter, Inc. to either permanently
17  disable the account which advertised the move of the Daftsex web sites, @DaftPost, or transfer
18  the account to MG Premium ownership and control.  This Twitter account was used to promote
19  the copyright infringement of MG Premium's works and used to thwart the Order of this Court.
20  It can be expected that any future move by Defendant Kharchenko to thwart the Court's Order
21  and continue his piracy activities will be conveyed to the Daftsex user community via this Twitter
22  account.  In order to force obedience with the Order of Final Judgment and Permanent Injunction,
23  the Court should take this avenue away.

24      The Court must unfortunately look at Defendant Kharchekno as an irresponsible teenager
25  who simply cannot follow simple rules nor show any respect to others, including the rule of law.
26  The only way to deal with such misbehavior is to take away the tools that make the behavior

possible. To force obedience with the Court's Order, the Could should take away the utilized domains and the Twitter account promoting those domains. There is simply no other way to get this behavior to cease.

## V. Conclusion

For the reasons demonstrated above, and based on the supporting evidence, Plaintiff requests that Defendant Vasily Kharchenko be found in civil contempt of the Court's Order of Final Judgment and Permanent Injunction (Dkt. No. 28) based upon the submission of the accompanying declarations. As sanctions for contempt, it is requested that (1) the Court Order the domain registries to change the registrar of Daft.sex, Dsex.to, and Biqle.org to EuroDNS and then EuroDNS to change the registrant of the domains to MG Premium; and (2) the Court Order Twitter, Inc. to permanently disable the account @Daftpost or transfer ownership of the account to MG Premium.

In the alternative of finding Defendant Vasily Kharchenko in contempt based upon the submission of declarations, it is respectfully requested that the Court issue and Order to Show Cause requiring Vasily Kharchenko to submit reasons why he should not be held in contempt and set a contempt hearing.

RESPECTFULLY SUBMITTED this 20th day of December 2023.

**FREEMAN LAW FIRM, INC.**

_/s/ Spencer D. Freeman_
Spencer D. Freeman, WSBA#25069
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile: (253) 383-4501
Email: sfreeman@freemanlawfirm.org

Attorneys for Plaintiff

PLAINTIFF MG PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE [3:21-cv-05733-BHS] - 12

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)