|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| MG PREMIUM LTD.,<br><br>    Plaintiff,<br><br> v.<br><br>VASILY KHARCHENKO, an individual and DOES 1-20, d/b/a DAFTSX.COM, ARTSPORN.COM,<br><br>    Defendants. | CASE NO. C21-5733 BHS<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff MG Premium's Motion to Re-Open the Case and Find Defendant Vasily Kharchenko in Contempt, or Alternatively to Show Cause, Dkt. 30. The Court previously entered a default judgment against Kharchenko, Dkt. 28. That judgment included a permanent injunction: "DEFENDANT Vasily Kharchenko is PERMANENTLY ENJOINED from using on or in connection with any product or service or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or from using for any commercial purpose whatsoever any copyrighted work of MG Premium, Ltd." *Id*. at 4–5.

ORDER - 1

1   MG Premium's motion asserts and demonstrates that Kharchenko is ignoring the

2 Court's injunction and continuing to display MG Premium's copyrighted adult

3 entertainment videos. Since the Court's order and judgment, someone has presented the

4 Domain Registry Verisign a "fake" letter, purportedly on MG Premium's behalf,

5 regarding changing the registrant of the subject domain names to someone other than MG

6 Premium. *See* Dkts. 30, 31, and 32. MG Premium suggests that Kharchenko would

7 benefit by such a change. It argues and appears to demonstrate that Kharchenko has

8 continued to infringe MG Premium's copyrighted works against the Order of this Court.

9 Dkt. 30 at 5.

10   MG Premium asks the Court to find Kharchenko in contempt of court and to

11 sanction him. Alternatively, it asks the Court to order Kharchenko to show cause why he

12 should not be found in contempt and sanctioned.

13   MG Premium correctly asserts that "[t]he standard for finding a party in civil

14 contempt is well settled: The moving party has the burden of showing by clear and

15 convincing evidence that the contemnors violated a specific and definite order of the

16 court. The burden then shifts to the contemnors to demonstrate why they were unable to

17 comply." Dkt. 30 at 6 (quoting *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002)).

18 While "there is no good faith exception to the requirement of obedience of a court

19 order[,] . . . a person should not be held in contempt if his action appears to be based on a

20 good faith and reasonable interpretation of the court's order." *Id.* (quoting *In re Dual-*

21 *Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)

22 (alteration, citations, and internal quotation marks omitted)).

1     "Civil contempt is characterized by the court's desire to compel obedience to a
2 court order, or to compensate the contemnor's adversary for the injuries which result
3 from the noncompliance." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770,
4 778 (9th Cir. 1983) (internal citations omitted); *see also Shell Offshore, Inc. v.*
5 *Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) ("In distinguishing between criminal
6 and civil contempt, we must look to the sanction's 'character and purpose.' 'The purpose
7 of civil contempt is coercive or compensatory, whereas the purpose of criminal contempt
8 is punitive.'" (internal citations omitted)).

9     MG Premium has met its burden of demonstrating by clear and convincing
10 evidence that Defendant Kharchenko is violating the Court's Order and MG Premium's
11 copyrights.

12     Vasily Kharchenko is therefore **ORDERED** to **SHOW CAUSE IN WRITING**
13 why he should not be subject to a bench warrant, to an order holding him in contempt, or
14 to monetary sanctions. He should do so within 30 days of this order. MG Premium shall
15 use its best efforts to serve a copy of this order on Kharchenko and apprise the Court of
16 those efforts. MG Premium's motion is, to this extent, **GRANTED**. The Court will not
17 yet impose such sanctions, and for reasons previously addressed, will not at this time
18 enjoin non-parties from conducting business with Kharchenko. That portion of MG
19 Premium's Motion is **DENIED** without prejudice.

20     IT IS SO ORDERED.

21 //

22 //

1   Dated this 16th day of March, 2023.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge